UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Justin Michael Edwards, | ) | CASE NO. 1:22 CV 1666 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Robert Van Akin, et. al, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon Eastlake Defendants' Motion for More Definite Statement (Doc. 25) and Lake County Defendants' Motion to Dismiss (Doc. 26). For the following reasons, both motions are GRANTED. As discussed herein, plaintiff must file a more definite statement against defendants Robert Van Akin and Mike Ward within ten days of the issuance of this Memorandum of Opinion and Order or his Complaint will be dismissed with prejudice.

**Facts**

Plaintiff's *pro se* Complaint names the following defendants: Robert Van Akin, Mike Ward, Al Ward, Lake County Sheriff's Department, Eastlake Police Department, Lake County

1

Adult Detention Facility, and John/Jane Does.  The Complaint alleges the following.  In the morning of December 10, 2021, Eastlake police officers, including defendants Van Akin and Mike Ward, acting on an F.T.A. (failure to appear) warrant, broke into plaintiff's house.  Ward searched it with a canine and arrested plaintiff using excessive force. Plaintiff was taken to the Eastlake police department. Van Akin thereafter forged a defective complaint against plaintiff. Plaintiff was taken to the Lake County Adult Detention Facility.  On August 9, 2022, defendant Al Ward assaulted plaintiff by forcibly administering a COVID test.  Ward "held up a Court Order stating it said to use force." John/Jane Does corrections officers and Jane Doe nurse participated in the assault. The Lake County Sheriff's Department allowed the assault to occur.  The Complaint is brought pursuant to 42 U.S.C. § 1983 and alleges violations of plaintiff's Fourth, Fifth, and Eighth Amendment rights.

This matter is now before the Court upon Eastlake Defendants' Motion for More Definite Statement and Lake County Defendants' Motion to Dismiss.

**(1) Motion for More Definite Statement**

The Eastlake defendants (Robert Van Akin, Mike Ward, and the Eastlake Police Department) move the Court to compel plaintiff to file a more definite statement given that the Complaint, as drafted, is too vague and ambiguous to reasonably require defendants to answer. Moreover, defendants point out that the Eastlake Police Department cannot be sued, as it is not *sui juris* for the purposes of litigation. *Goff v. Robertson*, 2014 WL 6469347 (N.D. Ohio 2014); and *Carter v. City of Canton Sheriff's Dept*., 2008 WL 207698, 1 (N.D. Ohio 2008).

In response, plaintiff stated that he did not oppose the Motion for More Definite Statement.  (Doc. 28). Plaintiff indicated that he had been deemed incompetent at the time of the

filing of the Complaint. As a result, he acknowledged that the Complaint was not clear, and was vague and ambiguous. He also conceded that due to its unclear nature, defendants would likely have a difficult time preparing an appropriate response. Plaintiff stated that his competency has been restored, and he requested that he be allowed to amend his Complaint to clarify his claims. The Court granted plaintiff's request and ordered that an amended complaint be filed within 21 days of receipt of the Order. Plaintiff, however, never filed an amended complaint.

As an initial matter, the Court agrees with defendants that defendant Eastlake Police Department is not *sui juris* and must be dismissed. "The police department is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued." *Gregory v. Heban,* 2023 WL 2585535 (N.D.Ohio March 21, 2023) (citing *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Hill v. City of Toledo*, No. 3:20-cv-00493, 2020 U.S. Dist. LEXIS 212647, at * 10 (N.D. Ohio Nov. 13, 2020) (finding the Toledo Police Department is not *sui juris*). Additionally, given that plaintiff acknowledged that a more definite statement was necessary in order for defendants to respond to his allegations, the Motion for More Definite Statement is granted. Plaintiff is hereby ordered to file a more definite statement against defendants Robert Van Akin and Mike Ward within 10 ten days of the issuance of this Memorandum of Opinion and Order or the Complaint will be dismissed with prejudice.

**(2) Motion to Dismiss**

Defendants Al Ward, Lake County Sheriff's Department, and Lake County Adult Detention Facility move to dismiss for failure to state a claim.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Defendants argue that Lake County Sheriff's Office and the Lake County Adult

4

Detention Center are not *sui juris* and they must be dismissed from this litigation.  This Court agrees for the same reasons stated above in regard to the Eastlake Police Department.  Accordingly, these defendants are dismissed.[1]

Remaining defendant Al Ward argues that he is entitled to qualified immunity. This Court agrees.

"Once the defendant raises a qualified immunity defense, the burden falls to the plaintiff to show that the defendant is not entitled to qualified immunity because his conduct violated a constitutional right that was clearly established at the relevant time." *Roberts v. Cruz,* 2023 WL 2181145 (6th Cir. Feb. 23, 2023) (citing *Palma v. Johns*, 27 F.4th 419, 427 28 (6th Cir. 2022)).

Plaintiff alleges violations of the Fourth and Eighth Amendments against defendant Al Ward who administered the COVID test.  (Doc. 1 at 7, 11).  The Eighth Amendment applies to convicted prisoners and the Fourteenth Amendment applies to pretrial detainees.  *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (citations omitted).  Plaintiff was a pretrial detainee. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 27 (1984)). "The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 27 (6th Cir. 2022) (citing *Richko v. Wayne Cnty., Mich*., 819 F.3d 907, 915 (6th Cir. 2016)).

Plaintiff's Complaint fails to allege violations of either the Fourth (unreasonable seizure)

---

[1] The Court need not reach the other arguments set forth by defendants such as plaintiff's failure to allege an official policy against these defendants.

or Fourteenth (cruel and unusual punishment) Amendments by defendant Ward.  As plaintiff admitted in his Complaint, Ward was acting pursuant to a court order.  The Order to Complete the COVID Test and to Transport Defendant to Northcoast for Competency Evaluation[2] issued by Lake County Common Pleas Court Judge Eugene Lucci states the following:

> This day, to-wit: August 9, 2022, the Court was informed that the Defendant refused to cooperate with a COVID test and refused to be transported to Northcoast Behavioral Healthcare for a competency evaluation as was ordered on July 5, 2022.  On August 8, 2022, the Defendant was before the Court and agreed to cooperate with both a COVID test and with transport to Northcoast Behavioral Healthcare for the competency evaluation.
>
> IT IS THE ORDER OF THIS COURT that Defendant be given a COVID test and be transported to Northcoast Behavioral Healthcare using whatever reasonable force is necessary.

Plaintiff's Complaint fails to include allegations supporting an unreasonable seizure despite the valid court order or unreasonable or excessive force.  To the contrary, plaintiff's allegations show that defendant Ward used the "reasonable force" permitted by the court order to administer the test:

> At the Lake County Adult Detention Facility on August 9, 2022 at right around 3pm- Sgt Dep Ward did enter unit SF and presided over and orchestrated a public assault on and in me.  He held up a Court Order stating it said to use force.  He had me held down by arms and legs while a 'Covid test necessary to be negative for transport' was administered on me in front of all the inmates in the unit and on camera.  This was done while I was held to answer for the defective complaint outlined above.  It is alleged that this 'Ward' was also the complainant against me in that 'complaint.' 3 John Doe C.O.s, 1 Jane Doe C.O., and 1 Jane Doe Nurse participated in the assault while Ward and Lake County Sheriffs officers stood by and watched.  Lake County Sheriffs allowed the assault to occur and the John Does and Jane Does work at the Lake County Adult Detention Facility.  After the incident, Sgt Ward denied in writing that force was used- but it was used and it was an

---

[2] The Order is attached to the defendants' Motion to Dismiss.  (Doc. 26 Ex. 1). The Court may consider this exhibit as it was referred to in the Complaint. *Gavitt v. Born,* 835 F.3d 623 (6th Cir. 2016 (citations omitted).

6

unlawful seizure.

(Doc. 1 at 11). Plaintiff's allegations actually support defendant Ward's assertions that he acted reasonably without excessive force. Additionally, there is no allegation that the court order was invalid. Thus, Ward's use of reasonable force (holding down plaintiff's legs and arms to allow the nurse to administer the COVID test) does not amount to a constitutional violation. *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) ("An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." (citing *Baker v. McCollan*, 443 U.S. 137, 143 44 (1979)); *Cooper v. Parrish*, 203 F.3d 937, 948 (6th Cir. 2000) (An official is protected by absolute quasi-judicial immunity when he acts pursuant to a valid court order because "enforcing or executing a court order is intrinsically associated with a judicial proceeding.").

For these reasons, defendant Al Ward is entitled to qualified immunity and defendants' Motion to Dismiss is granted.[3]

**Conclusion**

For the foregoing reasons, all defendants are dismissed except for defendants Robert Van Akin and Mike Ward. Plaintiff is to file a more definite statement against these two defendants within ten days of the issuance of this Memorandum of Opinion and Order or plaintiff's Complaint will be dismissed with prejudice.

IT IS SO ORDERED.

---

[3] Defendants also argue that dismissal of an assault claim is also appropriate to the extent one is alleged. However, plaintiff only alleges a § 1983 claim and, therefore, the Court need not reach this argument.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 3/29/23